CHARLES S. HIGGINS, *et al.*, Appellants, *v.* JAMES D. BELL, as Commissioner of Police and Excise of the City of Brooklyn, Respondent.

*Supreme Court, Second Department, General Term, June 28, 1889.*

*Brooklyn. Boiler inspection.*—The act of 1873, which gives to the board of police and excise of the city of Brooklyn power to inspect steam boilers, was not repealed by the general act of 1874. Boilers, which have been inspected and duly certified by an insurance company, are not exempt from inspection under the former act.

Appeal from an order denying a motion on the part of the appellant herein, to continue a temporary injunction obtained by them restraining the respondent from inspecting their steam boilers in the city of Brooklyn, on the ground that they are exempted by law from such inspection by virtue of chapter 614 of the Laws of 1874—appellants being in possession of the guaranteed certificates, unrevoked and in full life, of an insurance company organized for the purpose of making guaranteed steam boiler inspections.

Laws of 1873, chapter 863, provides a charter for the city of Brooklyn, and *inter alia* created a board of police and excise, and gave to that board power to inspect steam boilers in the city.

*Sonter & Stedman*, for appellants.

*Frank E. O'Reilly* (*S. H. Daily* of counsel), for respondent.

PRATT, J.—The act of 1873 was a special local act forming a system of government for Brooklyn. By well settled principles, the general act of 1874 would not effect a repeal of the special act; especially is this so as the scope of the act of 1874 is limited to an amendment of the acts of 1862 and 1867, which were not in force in Brooklyn.

It follows that the exemption from police inspection granted by the act of 1875 did not extend to boilers within the city of Brooklyn. They were continually subject to the provisions of the charter of 1873.

The act of June 9th, 1888, combining all the Brooklyn acts, expressly imposes upon the commissioner of police the duty of inspecting steam boilers. Were it the intention of the legislature to exempt from such inspection such boilers as were insured, we must believe they would have found means to express their purpose.

The order appealed from must be affirmed, with costs.

All concur.